Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-182RAJ |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| TYRE WAYNE MEANS, | |
| Defendant. | |

**I.     Introduction.**

On May 30, 2020, there was a large protest gathering in downtown Seattle in support of important racial justice and equity issues.  Thousands of people came to participate and express their support for these causes.  Nearly all of the protestors acted responsibly and lawfully.

Unfortunately, a small number of people – including defendant Tyre Wayne Means – took advantage of the surrounding events to commit dangerous crimes.  In doing so, Means and others triggered a dangerous change to the environment surrounding the protest – creating an atmosphere of civil disorder that resulted in injuries to protestors, police officers, extensive property destruction, and numerous arrests.  Unfortunately, this conduct by a small number of criminal actors caused the indelible images of the May 30

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Means,* CR20-182RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

protest to be burning police cars and billowing smoke throughout the downtown Seattle corridor, rather than the masses of peaceful protestors exercising their civil rights together.  Means was certainly not alone, but he was one of the instigators of the dangerous and violent criminal activities that took place during the May 30 protest.

## II.     The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations set forth in the Presentence Report.  The Probation Office correctly calculates the total offense level at 25, Jackson's Criminal History Category at IV, and the advisory Sentencing Guidelines range to be 84-105 months.

## III.    Sentencing Recommendation.

For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of **60 months** and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.  The various statutory sentencing factors support a custodial sentence of 60 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

### A.  The Nature/Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.

Means' criminal activities were extremely dangerous and serious.  First, Means started a fire in an SPD patrol car, albeit one that had already been damaged by others.  Numerous people were just a few feet away from the vehicle at the time of the arson, all of whom were in harm's way if the vehicle had exploded.  Fortunately, no one was injured as a direct result of Means' arson.  Nonetheless, Means knowingly created a risk of substantial injury to numerous other people and this dangerous conduct calls for a significant sentence.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Means,* CR20-182RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Next, Means stole an assault rifle with an extended magazine from another SPD patrol car. Means attempted to run away in possession of the rifle but, quite fortunately, he was forcibly dispossessed of it by another person. The rifle was later returned to the SPD by an unknown citizen. Means' intentions for the assault rifle are known only to him. Regardless, the danger potentially presented by this situation speaks for itself – a convicted felon running through downtown Seattle amidst thousands of protestors and police officers with a stolen assault rifle and a fully loaded extended magazine.

**B. The Defendant's History and Characteristics.**

Means' history and characteristics contain both aggravating and mitigating factors. Most notably, Means' criminal history is concerning. He has been convicted of multiple serious offenses involving victims and has pending Burglary charges in Kitsap County Superior Court.[1] None of these interventions by local law enforcement and the criminal justice system dissuaded Mean from engaging in future criminal activities. Instead, the seriousness of his criminal conduct has escalated.

On the other hand, Means had various challenges during his upbringing, including being incarcerated at a young age and moving from place to place. Sadly, however, many of the defendants appearing before this Court have had much more difficult upbringings and life circumstances than Means has faced.

**C. The Need to Afford Adequate Deterrence to Criminal Conduct.**

This case presents the Court with an opportunity to send an important message of general deterrence. The defendant's offense did not occur in a vacuum. The protest on May 30, 2020, was not the first, or the last, legitimate protest event to be undermined by actors with other agendas. Regrettably, we have seen similar scenes play out in Seattle and throughout the United States during the spring and summer of 2020 and beyond. Indeed, the instant case is one of several charged by the United States Attorney's Office

---

[1] The plea agreement in this case affords Means a significant benefit, in that the Kitsap County Prosecuting Attorney's Office has agreed to make a concurrent sentencing recommendation in the pending Burglary case. *See* Plea Agreement at Page 8, lines 9-12.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Means,* CR20-182RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

involving arsons and other dangerous criminal activities occurring in the context of initially peaceful protests turned into civil disorders as the result of violent acts undertaken by a few criminal actors.

The Court should take this opportunity to send a powerful deterrent message to these sorts of offenders. The right to peacefully protest and gather in support of social and political causes is one of the dearest and most important rights that we enjoy in the United States. Protecting the ability of our citizens to express their views in this way is of paramount importance. One way to do that is to send a strong message to individuals who would seek to take advantage of, and abuse, the cover of lawful protests to carry out acts of violence, thereby risking the safety of the peaceful protestors and undercutting their important messages and causes. A term of 60 months in federal prison would send the most appropriate deterrent message in this case.

### IV. Conclusion.

For all of the reasons set forth above, the government recommends that the Court sentence the defendant to a term of imprisonment of 60 months and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.

DATED this 10th day of June, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 /s Todd Greenberg
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2636
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 4
United States v. Means, CR20-182RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970